```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALBERT MCCARTHY,                 :     CIVIL ACTION
                                 :
          Plaintiff,             :
     v.                          :
                                 :
EASTBURN & GRAY, P.C.,           :     No. 08-CV-1011
                                 :
          Defendant.             :
```

### MEMORANDUM AND ORDER

**JOYNER, J.**                                              **June 24, 2009**

Presently before the Court is Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment. For the reasons set forth below, Defendant's Motion is granted as to its 42 U.S.C. § 1983 claims. Plaintiff's Motion is DENIED.

### BACKGROUND

As the facts leading up to this case are substantially similar to those leading up to the related case McCarthy v. Darman, No. 07-cv-3958, we will not repeat them here. This case, however, has been brought against the law firm of Eastburn & Gray, P.C. Plaintiff alleges violations of his substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and seeks redress pursuant to 42 U.S.C § 1983. Plaintiff also alleges various state law claims. Defendants have moved for summary judgment.

Plaintiff has also filed a Motion for Partial Summary

1

Judgment in this case. However, Plaintiff's Motion, exact copies of which were filed in this case and in <u>McCarthy v. Darman</u>, did not move for summary judgment against Eastburn & Gray, LLC, which is the only defendant in this case, but rather moved for summary judgment only against the defendants in <u>McCarthy v. Darman</u>. Thus, as an initial matter, Plaintiff's Motion for Partial Summary Judgment in this case is denied.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the suit. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248.

If the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). If the non-moving party bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." <u>Kaucher</u>

2

v. County of Bucks, 456 F.3d 418, 423 (3d Cir. 2006) (quoting Wetzel v. Tucker, 139 F.3d 380, 383 n. 2 (3d Cir. 1998)).

In conducting our review, we view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  See Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).  However, there must be more than a "mere scintilla" of evidence in support of the non-moving party's position to survive the summary judgment stage.  Anderson, 477 U.S. at 252.  "'[A]n inference based on speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment.'"  Koltonuk v. Borough of Laureldale, 443 F. Supp. 2d 685, 691 (E.D. Pa. 2006) (quoting Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990)).

## DISCUSSION

**A.  Section 1983 Claims for Deprivation of Procedural and Substantive Due Process.**

Pursuant to § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (2000).  The purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide

3

relief to victims if such deterrence fails.  Wyatt v. Cole, 504 U.S. 158, 161 (1992).  Section 1983 is thus not itself a source of substantive rights but rather provides a cause of action for the vindication of federal rights.  Rinker v. Sipler, 264 F. Supp. 2d 181, 186 (M.D. Pa. 2003) (citing Graham v. Connor, 490 U.S. 386, 393-394 (1989)).

To make out a claim under § 1983, a plaintiff must demonstrate that the conduct of which he is complaining has been committed under color of state or territorial law and that it operated to deny him a right or rights secured by the Constitution or laws of the United States.  Gomez v. Toledo, 446 U.S. 635, 640 (1980); Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998); Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993).  Additionally, "[r]espondeat superior or vicarious liability will not attach under § 1983."  City of Canton v. Harris, 489 U.S. 378, 385 (1989); see also Stacey v. City of Hermitage, No. 2:02-cv-1911, 2008 U.S. Dist. LEXIS 7183, * 14 (W.D. Pa., Jan. 31, 2008).

Plaintiff alleges that Eastburn & Gray "by and through [Marc D.] Jonas and [Grace] Deon" deprived Plaintiff of his right to due process under the Fourteenth Amendment of the United States Constitution.  (Pl.'s Compl. ¶ 146).  Plaintiff made no specific allegations against the law firm, but rather made allegations against Jonas and Deon as "agents, servants and/or employees of

4

Eastburn [& Gray]."  (Pl.'s Compl. ¶ 145).  As stated by Defendant in its Motion for Summary Judgment and as found by the Court in its review of Plaintiff's Complaint, Plaintiff's sole theory of liability against Defendant is thus based on a theory of respondeat superior or vicarious liability.

Plaintiff asserts that respondeat superior can be a basis for liability under § 1983.  This assertion, however, is simply incorrect.  See, e.g., Brown v. Rinehart, 2009 U.S. App. LEXIS 9539, *6 (3d Cir., April 30, 2009) (affirming summary judgment because liability in civil rights case against supervising officer under § 1983 cannot be based on respondeat superior); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(liability under § 1983 cannot be predicated solely on respondeat superior); C.H. v. Olivia, 226 F.3d 198, 202 (3d Cir. 2000)(no vicarious, respondeat superior liability under § 1983); Rouse v. Plantier, 182 F.3d 192, 200 (3d Cir. 1999)("It is well-settled that liability under § 1983 may not be based on the doctrine of respondeat superior . . . .").  This Court declines Plaintiff's invitation to ignore prior precedent.

Plaintiff makes several other arguments in his response to Defendant's Motion for Summary Judgment.  However, these arguments are convoluted and not relevant to the issue at hand.  At issue here is whether the defendant in this case, *i.e.* Eastburn & Gray, LLP, can be liable under § 1983 based on actions

taken by Attorneys Jonas and Deon, as is alleged in Plaintiff's Complaint.

Plaintiff argues that Jonas and Deon were implementing municipal policy for the Borough of Kennett Square and the Borough Councilman.  This bears no relevance to whether Eastburn & Gray are liable under § 1983.  Rather, it would be relevant if the defendant in this case were the Borough of Kennett Square or the Borough Councilman.  However, that is not the case. Plaintiff also argues that there is a genuine issue of material fact as to whether Jonas and Deon "knew to conduct a full fair, unbiased and adequate investigation of Chief McCarthy to include the development of evidence that would deprecate or destroy the false allegations lodged by Corporal Willam Holdsworth and whether if they knew to do so they deliberately failed to do so." (Pl. Resp. at 10).  This is also wholly irrelevant to the issue at hand.

Plaintiff also quotes a section of the Borough Code that states, in part, that "'[i]n the absence of the solicitor, the law firm of which he is a member or associate may perform any of the duties or functions of the solicitor.'"  (Pl.'s Resp. to Mot. for Summ J. at 11 (quoting 53 P.S. § 46116)).  A statute permitting the law firm to perform duties or functions of the solicitor in the solicitor's absence is not, however, evidence that the law firm actually did so.

Defendant's Motion for Summary Judgment on Plaintiff's § 1983 claim for a deprivation of his right to due process is granted.  See Stacey, 2008 U.S. Dist. LEXIS 7183, * 14 (dismissing § 1983 claims based on respondeat superior against law firm of which city solicitors were members).

**B.  State Law Claims for Intentional Infliction of Emotional Distress, Invasion of Privacy (False Light), Defamation and Tortious Interference with Contractual Relations.**

Having granted summary judgment to Defendants on all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  See 28 U.S.C. § 1367.

### CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED as to Plaintiff's § 1983 claims.  Plaintiff's Motion for Partial Summary Judgment is DENIED.  As the Court declines to exercise supplemental jurisdiction, Plaintiff's remaining state law claims are DISMISSED with leave to Plaintiff to re-file them in state court.  An appropriate order follows.