```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALBERT MCCARTHY,                      :
                                      :
              Plaintiff,              :   CIVIL ACTION
                                      :
     v.                               :   No. 08-cv-1011
                                      :
EASTBURN & GRAY, P.C.,                :
                                      :
              Defendant.              :
```

## MEMORANDUM AND ORDER

**Joyner, J.**                                       **September 9, 2009**

This dispute has been brought before the Court on Defendant's Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988.  For the reasons articulated below, Defendant's Motion for Attorneys' Fees (Doc. No. 43) shall be GRANTED.

## Background

This dispute centers around the end of Plaintiff's employment as Chief of Police for the Borough of Kennett Square ("the Borough").  The facts have been set forth in detail in this Court's Memorandum granting Summary Judgment to Defendant, and only a brief overview will be provided here.

Plaintiff began his employment as a police officer for the Borough in 1973, and became Chief of Police in 1988.  His employment continued uninterrupted until 2007, when the Borough and the Township of Kennett ("the Township") ended their longstanding contract for police services.  While still employed

by the Borough, Plaintiff began negotiating with the Township, and eventually accepted an offer to establish a police department for the Township.  On June 7, 2007, Plaintiff informed the Borough that he would be retiring effective July 31, 2007, and would begin his new employment with the Township on August 1, 2007.  Due to a disagreement over the terms of separation, however, Plaintiff attempted to withdraw his retirement on July 30.  Following this decision, the Borough Council placed Plaintiff on paid administrative leave, effective August 6.  Plaintiff ultimately resigned his position with the Borough on September 21, 2007.

Plaintiff then filed suit in this Court under 42 U.S.C. § 1983, alleging a denial of his Due Process rights under the Fourteenth Amendment of the Federal Constitution, and also asserting numerous state law claims against Defendant.  All of these charges against Defendant were based on the conduct of two of Defendant's employees.  Defendant was granted Summary Judgment on all of Plaintiff's federal claims, and the state law claims were dismissed with leave to file in state court in a Memorandum and Order issued by this Court on June 24, 2009.  The case is now before the Court on Defendant's Motion for Attorneys' Fees.

## **Standard**

42 U.S.C. § 1988 allows a court to award attorneys' fees to the prevailing party in a § 1983 case.   Defendants in a § 1983

action are eligible to recover attorneys' fees under § 1988, but a prevailing defendant must meet a more stringent standard than a prevailing plaintiff in order to do so.  Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 157-58 (3d Cir. 2001).  A prevailing defendant should only be awarded attorneys' fees if the plaintiff's claim was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so."  Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).[1]

　　　The Third Circuit has articulated several factors that should be considered when determining whether a claim was frivolous, including "whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on the merits."  Barnes, 242 F.3d at 158.  In addition, the court should consider whether the issues litigated were ones of first impression, and what the real risk of the alleged injury was to the plaintiff.  Id.  Each case must be decided individually, however, and these factors are "guidelines, not strict rules."  Id. at 161.  "[I]t is important that a district court resist the understandable temptation to engage in post hoc

---

[1] The same standard is applied in both Title VII and § 1983 cases when determining whether to award attorneys' fees.  Hughes v. Rowe, 449 U.S. 5, 14 (1980).  Cases discussing attorneys' fees under one statute can, therefore, be used in interpreting the other.  Sullivan v. Pa. Dep't of Labor & Indus., 663 F.2d 443, 447 n.5 (3d Cir. 1981).

reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christianburg, 434 U.S. at 421-22.

## Discussion

Plaintiff alleges that Defendant violated both his Substantive and Procedural Due Process rights under the Fourteenth Amendment of the U.S. Constitution.  Plaintiff's claims against Defendant are both frivolous and groundless, and Plaintiff continued to litigate his claims after it became clear that they were frivolous.

First, Plaintiff's claim did not set forth a prima facie case of liability under § 1983, and attempted to establish a claim in a manner that precedent clearly prohibited.  Plaintiff explicitly brought his § 1983 claims against Defendant on a theory of vicarious liability.  (Compl. ¶15.)  As fully discussed in this Court's Memorandum granting Summary Judgment, this is not permissible.  This fact was first addressed by Defendant in its Motion for Summary Judgment.  In his Answer to Defendant's Motion for Summary Judgment, Plaintiff still failed to make any allegations against Defendant, and continued to focus on the conduct of Defendant's employees.  In addition, Plaintiff acknowledged that contrary precedent exists and cited to several district courts that state that vicarious liability is not available under § 1983, but tried to distinguish all of these

4

cases or argue that they do not apply to the instant case. Plaintiff did not, however, cite a single case that supports his legal theory. In our Memorandum granting Summary Judgment, this Court made clear that Plaintiff's legal argument lacked merit. In doing so, we cited to a Supreme Court case as well as four cases from the Third Circuit Court of Appeals holding that a defendant cannot be liable under § 1983 solely due to <u>respondeat superior</u>. Incredibly, however, Plaintiff insists in his Memorandum of Law in Support of his Answer to Defendant's Motion for Attorney's Fees that "the issue of whether a private party . . . may be held liable under a <u>respondeat superior</u> theory for violating 42 U.S.A. (sic) 1983 has never been addressed by the United States Supreme Court or the United States Court of Appeals for the Third Circuit." (Mem. of Law in Supp. of his Answer to Def's Mot. For Att'ys Fees 9.)  Despite the great weight of authority against Plaintiff's position, and despite Plaintiff's inability to cite a single case in defense of his legal theory, he repeatedly and continuously asserted a legal argument that cannot be described as anything other than frivolous and unreasonable. Plaintiff made a claim against Defendant that was entirely ungrounded in the law, was decided on Summary Judgment, and failed to establish a prima facie case. All of this supports granting attorneys' fees to Defendant.

Even looking past Plaintiff's attempt to use <u>respondeat</u>

5

superior to hold Defendant liable under § 1983, the allegations made by Plaintiff against Defendant's employees are entirely frivolous.  It is unclear what injury Plaintiff attributes to Defendant's conduct, as it appears that Plaintiff's complaint boils down to disagreeing with the legal advice given by Defendant's employees to their clients.  Plaintiff asserts that Defendant's employees were involved in a scheme to coerce and intimidate the Plaintiff in order to force him from his position as Chief of Police.  When looking to the specific allegations under § 1983, however, they all center around the alleged content of advice given by Defendant's employees to their clients. Plaintiff's alleged injury was the result of Defendant's employees' clients following this advice.[2]  Neither Defendant nor Defendant's employees were required to provide any process to Plaintiff, and Plaintiff does not allege that there was any such duty.  In addition, neither Defendant nor Defendant's employees had the power to directly affect any of Plaintiff's substantive rights.  Plaintiff did not state a prima facie case of a violation of the Due Process Clause of the Fourteenth Amendment, did not survive a motion for summary judgment, and failed to detail a threatened injury due to either Defendant's or

---

[2]It is worth noting, though not dispositive, that this Court determined in our Memorandum granting Summary Judgment to Defendant that the course of action that Defendant's employees advised their clients to follow did not violate Plaintiff's constitutional rights.

Defendant's employees' conduct.  Even if, therefore, this Court was to accept Plaintiff's argument regarding the applicability of <u>respondeat superior</u> liability in § 1983 cases, Plaintiff's claim would still be frivolous, and Defendant would be entitled to attorneys' fees.

Plaintiff's claim against Defendant not only lacks legal merit, but fails to allege facts that give rise to a cognizable constitutional injury.  Because of this, an award of attorneys fees is appropriate in this case.

## **Conclusion**

Defendant's Motion for Attorneys' Fees is GRANTED for the reasons set forth above.  An appropriate order follows.